FILED
1/7/2019 4:23 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013819

FILED DATE: 1/7/2019 4:23 PM   2018L013819

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons　　　　　　　　　　　　　　　(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DARRIUS BROWN

　　　　　　　　　　(Name all parties)　　Case No. 2018L013819

v.

City of Chicago, Ofc. Klaus#15865, et al

### ☑ SUMMONS　☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org

Summons - Alias Summons  (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

1/7/2019 4:23 PM DOROTHY BROWN

FILED DATE: 1/7/2019 4:23 PM 2018L013819

Atty. No.: 56096
Atty Name: Brandon Brown
Atty. for: Darrius Brown
Address: 4659 S. Cottage Grove Ave., Suite 202
City: Chicago
State: IL  Zip: 60653
Telephone: (773) 624-8366
Primary Email: bbrown@thebrownlaw.com

Witness: _____

DOROTHY BROWN, Clerk of

Date of Service: 1/11/19
(To be inserted by officer on copy left with Defendant or other person):

12-Person Jury

FILED
12/24/2018 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013819

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRIUS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. | 2018L013819 |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE | ) | |
| OFFICERS CUNNINGHAM, Star #9871, | ) | |
| KLAUS, Star #15865, LOPEZ, Star #7613, | ) | |
| and PATRUNO, Star #18814, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DARRIUS BROWN, by and through counsel, BRANDON BROWN, THE BROWN LAW LTD. and SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS CUNNINGHAM, Star #9871, KLAUS, Star #15865, LOPEZ, Star #7613, and PATRUNO, Star #18814, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of his rights secured by the Constitution and laws of the United States of America.

### JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### PARTIES

3. PLAINTIFF DARRIUS BROWN is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

4. DEFENDANTS CUNNINGHAM, Star #9871, KLAUS, Star #15865, LOPEZ, Star #7613, and PATRUNO, Star #18814, ("Defendant Officers"), were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

### FACTS

6. On September 29, 2018, at or around 3:00 pm, Plaintiff DARRIUS BROWN was walking at or around 3141 West Lexington Street, Chicago, Illinois.

7. Defendant Officers, without reasonable and articulable suspicion or any other lawful basis, conducted a *Terry* stop on Plaintiff DARRIUS BROWN.

8. Defendant Officers used excessive force against Plaintiff DARRIUS BROWN. The force used against Plaintiff was objectively unreasonable.

9. Plaintiff DARRIUS BROWN was then arrested by Defendant Officers. Plaintiff's arrest was made without a warrant. Immediately before he was arrested by the Defendant

Officers, Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was being arrested, he was not violating any laws, rules, or ordinances. There was no probable cause or justification for the arrest of Plaintiff DARRIUS BROWN on September 29, 2018.

10. After arresting Plaintiff, Defendant Officers commenced criminal proceedings against DARRIUS BROWN. There was no probable cause or legal justification to commence criminal proceedings against the Plaintiff.

11. The criminal proceedings against the Plaintiff were all subsequently resolved by a nolle prosequi, and in a manner indicative of the Plaintiff's innocence.

12. At the time that Plaintiff was arrested, Defendant Officers knew that there was no probable cause or legal justification to arrest the Plaintiffs.

13. The acts of the Defendant Officers were intentional, willful and wanton and pursuant to the policy or custom of the Chicago Police Department wherein they place false charges on individuals in order to cover up their use of excessive force.

14. The excessive force used against Plaintiff was captured on video. Plaintiff DARRIUS BROWN requested the footage pursuant to a Freedom of Information Act Request, to which the Chicago Police Department has never responded.

15. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – Excessive Force

16. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

17. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

18. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, DARRIUS BROWN, purusant to 42 U.S.C. §1983, demands judgment against the Defendant Officers, CUNNINGHAM, Star #9871, KLAUS, Star #15865, LOPEZ, Star #7613, and PATRUNO, Star #18814, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Illegal Search and Seizure

19. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

20. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be unreasonably searched and seized in violation of Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

21. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, DARRIUS BROWN, purusant to 42 U.S.C. §1983, demands judgment against the Defendant Officers, CUNNINGHAM, Star #9871, KLAUS, Star #15865,

4

LOPEZ, Star #7613, and PATRUNO, Star #18814, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – False Arrest

22. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

23. The actions of the Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

24. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, DARRIUS BROWN, purusant to 42 U.S.C. §1983, demands judgment against the Defendant Officers, CUNNINGHAM, Star #9871, KLAUS, Star #15865, LOPEZ, Star #7613, and PATRUNO, Star #18814, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: CONSPIRACY

25. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

26. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit, and to thereby deprive

5

Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

27. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

28. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

29. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

30. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

31. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, DARRIUS BROWN, purusant to 42 U.S.C. §1983, demands judgment against the Defendant Officers, CUNNINGHAM, Star #9871, KLAUS, Star #15865, LOPEZ, Star #7613, and PATRUNO, Star #18814, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: *Monell* Policy Claim

32. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

6

33. The constitutional violations detailed above were caused by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of Chicago, the Mayor of Chicago, the Chicago City Council, members of the Chicago City Council, the Chicago Police Department, and members of the Chicago Police Department, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encourage the infliction of physical and psychological injuries onto the citizens of Chicago.

34. CPD has a policy and practice of charging people they use excessive force against with "cover charges," most often aggravated battery to a police officer, aggravated assault of a police officer, or resisting arrest.

35. Two-thirds of the time a CPD officer reported using force since 2004, they arrested the subject on one of these charges.

36. Cover charges are alleged in nearly one in five of the 1,112 police misconduct lawsuits paid out by the city between 2011 and 2017, making it among the most common types of misconduct leading to a settlement.

37. This type of misconduct has cost Chicago taxpayers at least $33 million in legal settlements since 2011.

38. Chicago Police made more than 1,300 arrests between 2012 and September 2016 where the only charge was resisting arrest; more than half of these cases were ultimately dismissed.

39. The use of "cover charges" is long standing and embedded practice within the Chicago Police Department.

40. In 1972, U.S. Rep. Ralph H. Metcalfe, who chaired a Blue Ribbon Panel on Chicago police abuse, noted that three charges—disorderly conduct, resisting arrest, and battery to a police officer—were so commonly used as cover for misconduct that lawyers referred to them as the "holy trinity."

41. Chicago Police filed 2,883 aggravated battery to a police officer cases between 2011 and September 2018, a rate of more than one per day.

42. There are more than 12,000 sworn officers on the force, and most of them made no arrests for these charges in that three-and-a-half year period; however, 23 officers made five or more arrests for aggravated battery or aggravated assault to a police officer. Nearly all of them were in the top two percent of Chicago police officers for using force. On average, these officers used force more than 7.5 times as often as a typical officer.

43. The policies, practices, and custom herein complained of are so prevalent and widespread within the Chicago Police Department as to put the City of Chicago policymakers on actual and implied notice that such policies exist in full force and effect.

44. Chicago policymakers acted willfully, wantonly, and with deliberate indifference toward the constitutional rights of Plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in this Complaint.

45. In fact, the use of "cover charges" is omitted entirely from the proposed consent decree the City of Chicago is currently negotiating to reform and rectify the widespread and disproportionate use of excessive force.

46. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of Plaintiff, Chicago policymakers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

47. As a proximate result of the above-detailed actions of the Defendants and Chicago policymakers, Plaintiff was injured, including injuries resulting from the above-detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, psychological injuries, physical injuries, and permanent injuries. In addition, the violations proximately caused Plaintiff great humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to her damage.

WHEREFORE the Plaintiff, DARRIUS BROWN, purusant to 42 U.S.C. §1983, demands judgment against the Defendant, CITY OF CHICAGO, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VI: 745 ILCS 10/9-102 – Indemnification

48. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

49. Defendant City of Chicago is the employer of the Defendant Officers.

50. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE the Plaintiff, DARRIUS BROWN, demands that, should any Defendant Officers be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiffs obtain, as well as attorney's fees and costs awarded.

9

### COUNT VII: FOIA Violation

51. On November 28, 2018, Plaintiff sent the Chicago Police Department, an agency of Defendant City of Chicago, a FOIA Request for "[a]ny and all documents, files, reports, records, notes, memos, pictures, video (including body cam and dash cam video), audio, or other documentary material related to: 1. The arrest of Darrius Brown (DOB: 29 April 1995) on or around 29 September 2018; and 2. RD# JB455888." Defendant received the request on or by November 28, 2018. A true and correct copy of the Request is attached as Exhibit A.

52. As of the date this Complaint was filed, Defendant has not responded to the Requests.

53. Upon information and belief, agents of Defendant with knowledge of the request were aware, from November 28, 2018, through the deadline to respond, that FOIA required a response to the Request within five business days unless an extension of another five business days was taken by the initial five-day deadline.

54. Upon information and belief, all of the agents of Defendant took the annual FOIA training required by the FOIA statute. Annual FOIA training materials and the FOIA statutory language make clear that FOIA required a response to the Request within five business days unless an extension of another vide days was taken by the initial five-day deadline.

55. Upon information and belief, Defendant's employees with the authority to set policies and procedures that govern FOIA responses ("Defendant's FOIA Supervisors") were aware, on or before the deadline to respond to the Requests, that in 2014 Defendant had been sued multiple times and made the subject of multiple Attorney General Public

10

FILED DATE: 12/24/2018 12:00 AM  2018L013819

          Access Counselor requests for review for failing to respond to FOIA requests in a timely manner.

56. Upon information and belief, multiple City of Chicago employees have been aware of the Requests during some or all of the time period from November 28, 2018, to the date this Complaint was filed.

57. Defendant has willfully and intentionally violated FOIA by failing to respond to the Request.

WHEREFORE the Plaintiff, DARRIUS BROWN, demands judgement against the Defendant, CITY OF CHICAGO, and enjoin Defendant from withholding non-exempt public records under FOIA, order Defendant to pay civil penalties, award Plaintiff reasonable attorneys' fees and costs, and provide any such other relief as this deems equitable and just.

## COUNT VIII: Malicious Prosecution (State Law Claim)

58. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

59. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

60. Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

61. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

11

FILED DATE: 12/24/2018 12:00 AM   2018L013819

WHEREFORE the Plaintiff, DARRIUS BROWN, demands judgment against the Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS CUNNINGHAM, Star #9871, KLAUS, Star #15865, LOPEZ, Star #7613, and PATRUNO, Star #18814, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                    Respectfully Submitted,
                                                   **DARRIUS BROWN**

By:   s/ Brandon Brown
           *One of Plaintiff's Attorneys*

THE BROWN LAW LTD.
4659 S. Cottage Grove Ave,
Suite 202
Chicago, IL 60653
T: 773-624-8366
F: 773-624-8365
E: bbrown@thebrownlaw.com

By:   s/ Jeanette Samuels
           *One of Plaintiff's Attorneys*

SAMUELS & ASSOCIATES, LTD.
2925 S. Wabash Avenue, Suite 104
Chicago, IL 60616
T: 872-588-8726
F: 872-444-3011
E: sam@chicivilrights.com

FILED DATE: 12/24/2018 12:00 AM 2018L013819

# Exhibit A



Jeanette Samuels <samuels.jeanette@gmail.com>

---

# FOIA Request

**Jeanette Samuels** <samuels.jeanette@gmail.com>  Wed, Nov 28, 2018 at 10:26 AM
To: CPDfoia@cityofchicago.org

Hello,

Please consider the following as a FOIA Request made by Mr. Darrius Brown and respond via email to:

Jeanette Samuels
2925 S. Wabash Avenue
Chicago, Illinois 60616
T: (872) 588 - 8726
E: samuels.jeanette@gmail.com

Records Sought:
Any and all documents, files, reports, records, notes, memos, pictures, video (including body cam and dash cam video), audio, or other documentary material related to:

1. The arrest of Darrius Brown (DOB: 29 April 1995) on or around 29 September 2018; and
2. RD# JB455888.

This request is not made for a commercial purpose as defined in Section 2(c-1) of FOIA.

Cordially,

---

Jeanette S. Samuels