IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRIUS BROWN, | ) |
|         Plaintiff, | ) |
| v. | ) No. 19 cv 511 |
| CITY OF CHICAGO, et al., | ) Judge PALLMEYER |
|         Defendants. | ) |

**PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

NOW COMES the Plaintiff, DARRIUS BROWN, by and through counsel, pursuant to Fed. R. Civ. P. 12(c), moving for Partial Judgment on the Pleadings. In Support thereof, Plaintiff states as follows:

**UNDISPUTED FACTUAL BACKGROUND**

1. On November 28, 2018, Plaintiff sent the Chicago Police Department, an agency of Defendant City of Chicago, a FOIA Request for "[a]ny and all documents, files, reports, records, notes, memos, pictures, video (including body cam and dash cam video), audio, or other documentary material related to: 1. The arrest of Darrius Brown (DOB: 29 April 1995) on or around 29 September 2018; and 2. RD# JB455888." Dkt. 13, Defendant City of Chicago's Answer to the Complaint, p. 10.

2. Defendant received the request on or by November 28, 2018. Id.

3. As of the date Plaintiff's Complaint was filed, Defendant had not responded to the Requests. Id.

4. Plaintiff's Complaint was originally filed on 24 December 2018 in the Circuit Court of Cook County under case number 2018-L-013819 before being removed to federal court.

5. Agents of Defendant with knowledge of the request were aware, from November 28, 2018, through the deadline to respond, that FOIA required a

6.     response to the Request within five business days unless an extension of another five business days was taken by the initial five-day deadline. Dkt. 13, p. 10.

6. All of the agents of Defendant took the annual FOIA training required by the FOIA statute. Annual FOIA training materials and the FOIA statutory language make clear that FOIA required a response to the Request within five business days unless an extension of another vide days was taken by the initial five-day deadline. Id.

7. Defendant's employees with the authority to set policies and procedures that govern FOIA responses ("Defendant's FOIA Supervisors") were aware, on or before the deadline to respond to the Requests, that in 2014 Defendant had been sued multiple times and made the subject of multiple Attorney General Public Access Counselor requests for review for failing to respond to FOIA requests in a timely manner. Id.

8. Multiple City of Chicago employees have been aware of the Requests during some or all of the time period from November 28, 2018, to the date this Complaint was filed. Id. at p. 11.

## LEGAL STANDARD

9. Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. Fed. R. Civ. P. 12(c).

10. The pleadings include the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes.").

11. Here, based upon the pleadings, it is clear that the City of Chicago did not respond to Plaintiff's FOIA request within the statutorily-allotted timeframe.

12. Therefore, Plaintiff is entitled to judgment on the pleadings on Count VII of his Complaint that alleges a violation of the Illinois Freedom of Information Act.

## ARGUMENT

13. The Illinois' Freedom of Information Act must be construed to require disclosure of requested information as expediently and efficiently as possible. 5 ILCS 140/1.

14. Therefore, a public entity has five business days to respond to a request for information. 5 ILCS 140/3(d).

15. Any person denied access to public record may file suit for relief. 5 ILCS 140/11.

16. Here, it is undisputed that more than five business days passed without the City of Chicago responding to Plaintiff's FOIA Request.

17. Accordingly, Plaintiff is entitled to seek relief due to the wrongful deprivation of these records from him. <u>Callinan v. Prisoner Review Board</u>, 371 Ill.App.3d 272, 276, 862 N.E.2d 1165 (2007).

18. Likewise, Plaintiff is entitled to receive attorney's fees for having to bring suit in order to obtain these records to which he had a right of access.

19. In addition to admitting that they did not timely respond to Plaintiff's FOIA request, the City has plead no affirmative defense to Plaintiff's claim.

20. Accordingly, the pleadings disclose that there are no material issues of fact to be resolved on this claim and that the Plaintiff is entitled to judgment as a matter of law.

WHEREFORE the Plaintiff respectfully requests that this Honorable Court grant his motion for Partial Judgment on the Pleadings, and provide any such other further relief as it deems equitable and just.

Dated: 10 July 2019	Respectfully Submitted,

**DARRIUS BROWN**

By:	s/ Jeanette Samuels
	*One of Plaintiff's Attorneys*

SAMUELS & ASSOCIATES, LTD.
2925 S. Wabash Ave, Suite 104
Chicago, IL 60616
T: 872-588-8726
F: 872-444-3011
E: sam@chicivilrights.com

Brandon Brown
The Brown Law Ltd.
4659 S. Cottage Grove Ave.
Suite 202
Chicago, IL. 60653
(773) 624-8366
bbrown@thebrownlaw.com